# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JOHNNIE GARRETT, : <br> : <br> Plaintiff : <br> : NO. 5:17-cv-00251-CAR-CHW <br> VS. : <br> : <br> RELLZ BURGLORD, *et. al.*, : <br> : <br> Defendants : <br> _____: | |

## ORDER

*Pro* se Plaintiff Johnnie Garrett [1], currently incarcerated in Pinckneyville Correctional Center, located in Pinckneyville, Illinois, submitted a *pro se* handwritten document which the Clerk docketed as a civil rights complaint under 42 U.S.C. § 1983. The exact nature of Plaintiff's claims are unclear, but Plaintiff has attached to his complaint what appears to be a sanction order against Plaintiff, a printout of a cable television programming schedule, and various magazine articles with no apparent relationship to each other. It appears that Plaintiff may be requesting some unknown relief related to "China Anne McClain," but also brings this claim on Ms. McClain's behalf. Plaintiff failed to pay the court's filing fee, and presumably seeks to proceed in this action without the prepayment of that fee.

---

[1] Plaintiff is also known as Johnny Garrett.

The Court has now reviewed the complaint and all other submissions and finds that Plaintiff may not proceed in this action without first prepaying the full $400.00 filing fee, as at least three of his prior federal lawsuits were dismissed as frivolous, malicious, or for failure to state a claim and count as "strikes" under 28 U.S.C. § 1915(g). Consequently, Plaintiff cannot proceed in this action *in forma puaperis* and this action is **DISMISSED without prejudice**.

I. <u>Discussion</u>

Federal law prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited and leave may not be granted unless the prisoner shows an "imminent danger of serious physical injury." *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed dozens of federal lawsuits and least three complaints were dismissed as frivolous, malicious, or for failure to

2

state a claim. *See Garrett v. State of Illinois*, 3:13-cv-01298, ECF No. 5, (S.D. Ill. December 30, 2013) (dismissed as frivolous); *Garrett v. Attorney General*, 3:13-cv-01196, ECF No. 7 (S.D. Ill. December 17, 2013) (dismissed as frivolous and malicious and assessed as a strike); *Garrett v. Attorney General,* 3:13-cv-01087, ECF No. 9 (S. D. Ill., January 21, 2014) (dismissed for failure to state a claim and assessed as a strike); *Garrett v. State of Illinois Attorney General,* 2:13-cv-04971, ECF No. 2 (C.D. Ca. July 11, 2013) (dismissed as frivolous assessed as a strike).

Because of this, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger" exception in § 1915(g). *Medberry*, 185 F.3d at 1193. When reviewing a pro se prisoner's complaint for this purpose, the district court must accept all factual allegations in the complaint as true and view all allegations of imminent danger in Plaintiff's favor. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Plaintiff does not allege imminent danger, and an independent review of his complaint establishes that his allegations do not implicate physical injury, much less one that is both imminent and serious.

**II. Conclusion**

Because Plaintiff has three prior dismissals that properly qualify as strikes under 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis*. Once a plaintiff is denied *in forma pauperis* status, he cannot simply pay the filing fee and proceed with his complaint. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Accordingly, Plaintiff's

3

complaint is **DISMISSED without prejudice**.  *Id.* (the proper procedure is to dismiss the complaint without prejudice).

**SO ORDERED**, this 12th day of October, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT